February 21, 2007

The Honorable Kim Brimer
Chair, Committee on Administration
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0520

Re: Whether a municipality that operates a pool slide at its municipal swimming pool must purchase insurance in compliance with the Amusement Ride Safety Inspection and Insurance Act, chapter 2151 of the Occupations Code, although the municipality's liability is limited by the Texas Tort Claims Act, chapter 101 of the Civil Practice and Remedies Code (RQ-0519-GA)

Dear Senator Brimer:

You ask whether a municipality that operates a pool slide at its municipal swimming pool must purchase insurance in compliance with the Amusement Ride Safety Inspection and Insurance Act (the "Amusement Ride Act"), chapter 2151 of the Occupations Code, although the municipality's liability is limited by the Texas Tort Claims Act (the "Tort Claims Act"), chapter 101 of the Civil Practice and Remedies Code.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 2005 & Supp. 2006); TEX. OCC. CODE ANN. ch. 2151 (Vernon 2004 & Supp. 2006); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.002 (Vernon 2005) (titling the Tort Claims Act); TEX. OCC. CODE ANN. § 2151.001 (Vernon 2004) (titling the Amusement Ride Act).

## I.    The Amusement Ride Act, Occupations Code chapter 2151

The Amusement Ride Act sets out certain insurance requirements with which a person must comply before operating an amusement ride:

(a)  A person may not operate an amusement ride unless the person:

(1)  has had the amusement ride inspected at least once a year by an insurer or a person with whom the insurer has contracted;

(2)  obtains a written certificate from the insurer or person with whom the insurer has contracted stating that the amusement ride:

---

[1] *See* Letter from Honorable Kim Brimer, Chair, Committee on Administration, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (July 27, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

(A)  has been inspected;

(B)  meets the standards for insurance coverage; and

(C)  is covered by the insurance required by Subdivision (3);

(3)  has [an] . . . insurance policy currently in effect . . . insuring the owner or operator against liability for injury to persons arising out of the use of the amusement ride in an amount of not less than:

(A)  for Class A amusement rides:

(i)  $100,000 bodily injury and $50,000 property damage per occurrence with a $300,000 annual aggregate; or

(ii)  a $150,000 per occurrence combined single limit with a $300,000 annual aggregate; and

(B)  for Class B amusement rides:

(i)  $1,000,000 bodily injury and $500,000 property damage per occurrence; or

(ii)  $1,500,000 per occurrence combined single limit;

(4)  files with the [Commissioner of Insurance] . . . the inspection certificate and the insurance policy . . . ; and

(5)  files with each sponsor, lessor, landowner, or other person responsible for the amusement ride . . . a photocopy of the inspection certificate and the insurance policy . . . .

TEX. OCC. CODE ANN. § 2151.101(a) (Vernon Supp. 2006); *see also id.* § 2151.002(4) (defining "commissioner"); 28 TEX. ADMIN. CODE § 5.9004 (2006) (Tex. Dep't of Ins., Amusement Ride Operation Requirements).

Whether the Amusement Ride Act applies to a municipally owned pool slide depends on two issues: first, whether a municipality is a person subject to that Act; and second, whether a pool slide is an amusement ride. *See* TEX. OCC. CODE ANN. § 2151.101 (Vernon Supp. 2006). With respect to the first issue, neither the Amusement Ride Act nor rules adopted under the Act by the Texas Department of Insurance define the term "person." *See id.* § 2151.002; 28 TEX. ADMIN. CODE § 5.9002 (2006) (Tex. Dep't of Ins., Definitions); *see also* TEX. OCC. CODE ANN. § 2151.051 (Vernon 2004) (authorizing the Commissioner of Insurance to "administer and enforce" the Amusement Ride Act). We therefore apply the general definition of the term set out in the Code Construction Act, chapter 311 of the Government Code, which applies to all codes unless the

statute or context requires a different definition. *See* TEX. GOV'T CODE ANN. §§ 311.001, .002, .005 (Vernon 2005). Under that generally applicable definition, the term "person" includes a "government or governmental subdivision or agency . . . and any other legal entity." *Id.* § 311.005(2). We find no reason why the Amusement Ride Act would require a different definition. We accordingly conclude that a municipality is a person subject to the Amusement Ride Act.

We next consider whether a pool slide is an amusement ride that is subject to the Amusement Ride Act, i.e., "a mechanical device that carries passengers along, around, or over a fixed or restricted course or within a defined area for the purpose of giving the passengers amusement, pleasure, or excitement."[2] TEX. OCC. CODE ANN. § 2151.002(1) (Vernon Supp. 2006). Whether a particular pool slide is an amusement ride requires the resolution of fact questions, however, and must be determined by the Commissioner of Insurance in the first instance. *See id.* § 2151.051 (Vernon 2004); *see also* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."). Upon making the requisite factual determinations, the Commissioner may determine that a particular pool slide is an amusement ride subject to the Amusement Ride Act. For purposes of this opinion only, we adopt your assumption that a pool slide is an amusement ride subject to the insurance requirements of the Amusement Ride Act. *See* Request Letter, *supra* note 1, at 1.

Likewise, the Commissioner of Insurance must determine whether a particular pool slide is a Class A or Class B amusement ride. *See* TEX. OCC. CODE ANN. § 2151.051 (Vernon 2004). A Class A amusement ride is one "with a fixed location designed primarily for use by children younger than 13 years of age." *Id.* § 2151.002(2) (Vernon Supp. 2006); *cf. id.* § 2151.002(6) (defining "mobile amusement ride"). A Class B amusement ride is "an amusement ride that is not a Class A amusement ride." *Id.* § 2151.002(3). You assume that a pool slide is a Class B amusement ride that must be insured under the Amusement Ride Act "in an amount of not less than" $1,000,000 for bodily injury and $500,000 for property damage per occurrence or "$1,500,000 per occurrence combined single limit." *Id.* § 2151.101(a)(3)(B); *see* Request Letter, *supra* note 1, at 1. We do not question your assumption here. *Cf.* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 16 ("Questions of fact are not appropriate to the opinion process.").

---

[2]Although the statutory definition of the term "amusement ride" is limited to certain mechanical devices, the Texas Department of Insurance has adopted a rule defining the term "amusement ride" to include "[a]ny mechanical, *gravity, or water* device or devices that carry or convey passengers along, around, or over a fixed or restricted route or course or within a defined area for the purpose of giving its passengers amusement, pleasure, or excitement . . . ." 28 TEX. ADMIN. CODE ANN. § 5.9002(2) (2006) (Tex. Dep't of Ins., Definitions) (emphasis added); *see also* TEX. OCC. CODE ANN. § 2151.051 (Vernon 2004) (setting out the Commissioner's general powers and duties); *cf. id.* § 2151.002(1) (defining "amusement ride"). A court will accord an agency rule "some deference" if it reasonably interprets an ambiguous statute, but an agency may not adopt a rule that is inconsistent with state law. *Fiess v. State Farm Lloyds,* 202 S.W.3d 744, 747–48 (Tex. 2006); *see Gerst v. Oak Cliff Sav. & Loan Ass'n,* 432 S.W.2d 702, 706 (Tex. 1968); *see also Cordillera Ranch, Ltd. v. Kendall County Appraisal Dist.,* 136 S.W.3d 249, 257 (Tex. App.—San Antonio 2004, no pet.) ("Administrative agency rules cannot impose additional burdens, conditions, or restrictions exceeding or inconsistent with statutory provisions.") (citing *Riess v. Williamson County Appraisal Dist.,* 735 S.W.2d 633, 638 (Tex. App.—Austin 1987, writ denied)). Given these principles, and given that you do not ask about the validity of the regulatory definition, we rely solely upon the statutory definition of the phrase "amusement ride." *See* Request Letter, *supra* note 1, at 1–2.

## II.     The Tort Claims Act, Civil Practice and Remedies Code chapter 101

We next lay out the relevant provisions of the Texas Tort Claims Act, Civil Practice and Remedies Code chapter 101. Under the Tort Claims Act, a municipality is liable "for damages arising from its governmental functions," which functions expressly include the operation of "parks and zoos" as well as "recreational facilities, including but not limited to swimming pools." TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(13), (23) (Vernon 2005). Section 101.023(c) of the Civil Practice and Remedies Code limits a municipality's liability for governmental functions to "money damages in a maximum amount of $250,000 for each person and $500,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property." *Id.* § 101.023(c). On the other hand, the Tort Claims Act does not limit a municipality's liability for damages arising from the performance of proprietary functions, "which are those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality, including but not limited to . . . amusements owned and operated by the municipality," to the extent such amusements are not within the municipality's listed governmental functions. *Id.* § 101.0215(b)–(c); *see Tex. River Barges v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex. App.—San Antonio 2000, pet. denied); Christopher D. Jones, Comment, *Texas Municipal Liability: An Examination of the State and Federal Causes of Action*, 40 BAYLOR L. REV. 595, 595 (1988).

While the statute does not classify the operation of a municipal pool slide as either a governmental or a proprietary function and no Texas court has yet considered the classification, we believe a court would conclude that it is a governmental function for purposes of the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(23) (Vernon 2005). It is possible that a pool slide, by itself, could be deemed an "amusement" and thus a proprietary function. *See id.* § 101.0215(b)(2). However, the operation of a swimming pool is expressly classified as a governmental function. *See id.* § 101.0215(a)(23). Because a pool slide is a component of the swimming pool to which it is attached, we believe a court would find the pool slide also to be a governmental function. *See id.* § 101.0215(c) (stating that a municipality's proprietary functions "do not include those governmental activities listed under Subsection (a)"); *see also City of Texarkana v. Cities of New Boston*, 141 S.W.3d 778, 785 n.3 (Tex. App.—Texarkana 2004, no pet.) ("The introduction of a proprietary element into an activity designated by the Legislature as governmental does not serve to alter its classification."), *abrogated on other grounds by Tooke v. City of Mexia*, 197 S.W.3d 325, 338–42 & n.60 (Tex. 2006); *Tex. River Barges*, 21 S.W.3d at 357 (stating that although arguably proprietary actions were encompassed within governmental functions, a court has "no discretion to declare the actions proprietary"); Jones, *supra*, at 615 (stating that, with regard to functions that include both governmental and proprietary components, courts seem to conclude that if any component of a function is governmental, the entire function is governmental and thus subject to the Tort Claims Act's limits on liability).

## III.     Harmonizing the Amusement Ride Act and the Tort Claims Act

Given that operating a slide at a municipal pool is a governmental function that is subject to the limits on liability set forth in the Tort Claims Act,[3] a municipality's liability for injury or damage

---

[3]In this opinion, we do not consider the status of a water slide that is not part of a municipal pool.

proximately caused by the pool slide is limited to "$250,000 for each person and $500,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.023(c) (Vernon 2005). These amounts are, of course, less than the insurance amounts the Amusement Ride Act requires for a Class B amusement ride. *See* TEX. OCC. CODE ANN. § 2151.101(a)(3)(B) (Vernon Supp. 2006). In your view, "[i]f municipalities are forced to comply with [the Amusement Ride Act], then they must needlessly purchase insurance policies in excess of their liability limits." Request Letter, *supra* note 1, at 2.

In construing a statute, a court must, among other things, "presume that the Legislature intended a just and reasonable result" and "construe all portions of a statute . . . to be effective, if possible." *City of Seabrook v. Port of Houston Auth.*, 199 S.W.3d 403, 430 (Tex. App.—Houston [1st Dist.] 2006, pet. filed); *see* TEX. GOV'T CODE ANN. § 311.021(2)–(3) (Vernon 2005). A court will prefer a construction of two statutes that effectuates both unless the statutes are irreconcilable. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984) (citing *State v. Standard Oil Co.*, 107 S.W.2d 550, 559 (Tex. 1937)); *see also* TEX. GOV'T CODE ANN. §§ 311.021(2), .025(a)–(b), .026(a) (Vernon 2005) (indicating a legislative preference for harmonizing statutes if possible so that entire statutes may be effective). "Irreconcilable conflict involves a direct conflict such that 'it is impossible to comply with both provisions at the same time.'" Tex. Att'y Gen. Op. No. GA-0369 (2005) at 4 (quoting Tex. Att'y Gen. LO-98-124, at 4).

While the Amusement Ride Act's insurance-coverage requirement and the limitation on liability in the Tort Claims Act cannot be said to irreconcilably conflict, to the extent that the Amusement Ride Act requires a municipality to purchase insurance coverage in an amount greater than the municipality's potential liability under the Tort Claims Act, the Amusement Ride Act authorizes an unconstitutional grant of public funds. Article III, section 52(a) of the Texas Constitution prohibits the Legislature from authorizing a municipality "to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever." TEX. CONST. art. III, § 52(a). The Texas Supreme Court has held that section 52(a) "means that the Legislature cannot require *gratuitous* payments to individuals, associations, or corporations." *Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002). "A [municipality's] paying public money is not 'gratuitous' if the [municipality] receives return consideration." *Id.* If a municipality is required to purchase insurance coverage in an amount exceeding its potential liability, the municipality would make a gratuitous payment to the insurer for insurance coverage it would never need and would thereby be required by the Amusement Ride Act to violate the constitution. "[T]he Legislature may not authorize an action that our [c]onstitution prohibits." *Id.* at 381.

Accordingly, to the extent that a municipality that operates a pool slide is subject to the Amusement Ride Act, it must purchase insurance coverage only in an amount sufficient to cover the municipality's potential liability under the Tort Claims Act.

## S U M M A R Y

A municipality is a person for purposes of the Amusement Ride Safety Inspection and Insurance Act (the "Act"), Occupations Code chapter 2151. Whether a particular pool slide is an amusement ride subject to the Act and whether the slide is a Class A or Class B amusement ride is for the Commissioner of Insurance to determine in the first instance.

A municipality that operates a pool slide determined to be a Class B amusement ride under the Act must purchase insurance coverage only in an amount sufficient to cover the municipality's potential liability under the Texas Tort Claims Act, Civil Practice and Remedies Code chapter 101. *Compare* TEX. OCC. CODE ANN. §§ 2151.002(1), .101(a) (Vernon Supp. 2006) (requiring persons who operate amusement rides to purchase insurance in specified amounts), *with* TEX. CIV. PRAC. & REM. CODE ANN. § 101.023(c) (Vernon 2005) (limiting a municipality's liability in certain circumstances).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee